UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HONG KONG AROMA STAR INTERNATIONAL LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:18-CV-2228-G |
| ELTA MD INC., d/b/a SWISS-AMERICAN PRODUCTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Elta MD, Inc. ("Elta"), to dismiss, pursuant to F. R. Civ. P. 12 (b)(6), for failure to state a claim upon which relief can be granted (docket entry 6). For the reasons stated herein, the motion is **GRANTED**, with leave to the plaintiff to replead.

## I. BACKGROUND

This case arises from an international distribution agreement between the defendant Elta and the plaintiff Hong Kong Aroma Star International LLC ("Aroma Star"). Aroma Star is a limited liability company organized under the laws of Hong Kong, China with headquarters in Shanghai, China. Plaintiff's Original Complaint

("Complaint") (docket entry 1) ¶¶ 1, 7.  Elta is a corporation incorporated in and having its principal place of business in the state of Texas.  Complaint ¶¶ 2, 11.

The original agreement between the parties was for distribution in China of products produced by Elta.  Exhibit A to Elta MD's Motion to Dismiss at 1 ("Agreement") (docket entry 6-1).  The parties agreed to a term of three years, from December 18, 2015 through December 17, 2018.  Agreement ¶ 15.1.  Elta alleges that Aroma Star first breached the terms of the Agreement in late 2017 by distributing products to retailers in Hong Kong, an area outside of the territory specified by the terms of the Agreement.  Elta MD's Motion to Dismiss and Brief in Support ("Motion to Dismiss") (docket entry 6) at 3.  Aroma Star received notification of its breach on October 23, 2017.  *Id.*  Furthermore, Elta alleges that Aroma Star failed to properly cure the breach pursuant to the terms of the Agreement because it only submitted to Elta a plan to cure the breach, but did not take actual affirmative steps to effect a cure.  Motion to Dismiss at 9.  Aroma Star admits its breach of the Agreement but maintains that it properly cured the breach in accordance with the terms of the Agreement.  Plaintiff's Response to Defendant's Motion to Dismiss ("Response") (docket entry 10) at 6-7.  In particular, Aroma Star claims to have taken affirmative steps to repurchase and remove the unauthorized products from retailers in Hong Kong.  Complaint ¶¶ 20, 24.  Additionally, Aroma

Star avers that it altered its shipping practices to further ensure compliance with the terms of the Agreement.  *Id.*

Despite Aroma Star's attempt to cure the breach, after December 2017, Elta refused to fill orders submitted by Aroma Star.  Complaint ¶ 21.  At that time, one year remained on the original Agreement.  Agreement ¶ 15.1.  Accordingly, on August 22, 2018, Aroma Star filed its original complaint.  *See* Complaint.  Aroma Star alleges that Elta breached the Agreement by refusing to fill orders or otherwise do further business with Aroma Star.  Complaint ¶ 32.  For relief, Aroma Star seeks actual damages of $2.6 million, reasonable attorney's fees, costs of court, pre- and post-judgment interest at the highest rate(s) allowed by law, and such other relief at law or in equity to which it may be entitled.  Complaint at 6.

Shortly after Aroma Star filed its complaint, Elta filed the instant motion to dismiss, pursuant to Rule 12(b)(6), on the ground that Aroma Star failed to state a claim for breach of contract.  Motion to Dismiss at 5.  In support of its motion, Elta submits three arguments for dismissal: (1) Aroma Star failed to plead a breach of contract with sufficient specificity; (2) Aroma Star's allegations do not state a plausible claim; and (3) Aroma Star breached the Agreement and failed to properly cure the breach, relieving Elta of any legal duty.  Motion to Dismiss at 5-9.  In particular, Elta claims that the complaint is not sufficiently specific because Aroma Star failed to identify the specific provision of the Agreement allegedly breached by

Elta. Motion to Dismiss at 6. Additionally, Elta asserts that the claim of breach of contract is implausible because the Agreement does not obligate Elta to provide Aroma Star its product for distribution. Motion to Dismiss at 7.

On December 7, 2018, Aroma Star filed its response to Elta's motion to dismiss. *See* Response. In its response, Aroma Star argues that by referencing the Agreement and claiming a breach of contract by Elta, it had sufficiently pleaded a claim of breach of contract. Response at 3-4. Aroma Star also maintains that because the facts pleaded in the complaint allow the court to draw inferences indicating that Elta breached the Agreement, its claim is plausible. Response at 5-6. Furthermore, Aroma Star contends that the facts pleaded in the complaint establish that its own breach was properly cured pursuant to the terms of the Agreement. Response at 6-7.

Elta filed its reply to Aroma Star's response on January 4, 2019. Elta MD's Reply in Support of Motion to Dismiss ("Reply") (docket entry 11). The motion to dismiss is now ripe for decision.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Legal Standard for Dismissal Under Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina*

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of

relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting F. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

2. *Considering the Agreement as Evidence on the Motion to Dismiss*

When an alleged breach of a written instrument is at issue, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." F. R. CIV. P. 10(c). While in most cases courts are limited in consideration of a Rule 12(b)(6) motion to the pleadings themselves, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Fifth Circuit has recognized a limited exception in ruling on a Rule 12(b)(6) motion, allowing the court to consider documents not attached to the original complaint but attached to the motion to dismiss that are central to the plaintiff's claim and referenced by the complaint. See, e.g., *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. While no test has been established in the Fifth Circuit to determine if a document is central to a plaintiff's claim, when a document is necessary to establish an element of a plaintiff's claim, the document is central to the claim. See, e.g., *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011) (Lynn, J.). Generally, "when a plaintiff's claim is based on the terms of a contract, the documents constituting a contract are central to the plaintiff's claim." *Id.* (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205; *Collins*, 224 F.3d at 499).

Although Aroma Star did not attach the Agreement at issue to its original complaint, the Agreement is clearly central to its claim of breach of contract, and the Agreement is referenced regularly throughout the original complaint. Complaint at 2-6. Here, the Agreement was attached by Elta as an exhibit to its motion to dismiss. *See* Agreement. Additionally, Elta conceded that the Agreement is central to the complaint of Aroma Star and that the Agreement is referenced by Aroma Star in its

complaint. Motion to Dismiss at 1 n.1. Therefore, because the Agreement is central to the claim of Aroma Star, was referenced by Aroma Star in its original complaint, and was attached as an exhibit in Elta's motion to dismiss, the court will consider the Agreement in ruling on this Rule 12(b)(6) motion. See *Kaye*, 453 B.R. at 662. Doing so will not require this 12(b)(6) motion to be considered as a motion for summary judgment under the terms of FED. R. CIV. P. 12(d). No additional material has been considered outside of the pleadings themselves.

### 3. *Breach of Contract*

As noted earlier, Elta's first argument to dismiss the complaint in its motion to dismiss is that Aroma Star failed to plead a breach of contract with sufficient specificity. Motion to Dismiss at 6-7. Second, Elta contends that the complaint of breach of contract is not plausible as pleaded. Motion to Dismiss at 7-8. For the reasons below, the court agrees with Elta and finds that Aroma Star's complaint is insufficient as pleaded.

To establish a breach of contract claim in Texas, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff as a result of the breach." *Beauty Manufacturing Solutions Corp. v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (Fish, J.) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)); *Aguiar v. Segal*, 167 S.W.3d

443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In this case, Elta attacks the complaint on grounds of failure to establish the third element, namely a breach of contract by the defendant. When alleging a breach by a defendant, "[a] breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) (citing *Methodist Hospitals of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.—Dallas 1991, writ denied)).

In Texas, to properly plead a breach of contract by a defendant, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (O'Connor, J.). See also, e.g., *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 953–54 (E.D. Tex. 2011); *American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (Godbey, J.). If the court is unable to identify one or more specific contractual provisions at issue, then the "[p]laintiffs fail [] to allege enough facts about the terms of [a contract] to raise their right to relief above the speculative level." *Innova Hospital*, 995 F. Supp. 2d at 603 (citing *Twombly*, 550 U.S. at 555).

In its original complaint, Aroma Star failed to cite a specific provision of the Agreement allegedly breached by Elta.[1]  *See generally* Complaint.  Furthermore, Aroma Star's original complaint contains no reference to a specific provision or detail of the terms of the Agreement sufficient to support a finding that failure to do further business is a breach of the terms of the Agreement.  *See generally* Complaint.  Instead of citing a specific provision allegedly breached by Elta, Aroma Star levied broad and general claims of breach of contract.  *See, e.g.*, Complaint ¶ 32.  Such broad and general claims of breach of contract, without citing specific contractual provisions, are legally conclusory and are, without more, insufficient to reasonably put Elta on notice of the claim brought against it.  See, e.g., *Innova Hospital*, 995 F. Supp. 2d at 603; *American Realty*, 362 F. Supp. 2d at 753; *Hoffman v. L & M Arts*, 774 F. Supp. 2d 826, 837 (N.D. Tex. 2011) (Fitzwater, Chief J.).

Aroma Star claims that the alleged breach of the Agreement by Elta was pleaded in the original complaint.  Response at 1.  But the paragraphs cited in the response show only the disputed cure of Aroma Star's own breach of the Agreement, as well as allegations that Elta refused to do further business with defendant.  Complaint ¶¶ 14, 18-21, 27, 32.  After evaluating the terms of the Agreement, the court cannot find any specific provision wherein Elta expressly agrees and promises to "do further business" with the plaintiff.  *See generally* Agreement.  Additionally, no

---

[1]  In fact, Aroma Star admitted in its response that it had failed to cite a specific provision of the Agreement.  Response at 3.

specific provision can be found where Elta expressly promised to fill orders submitted by Aroma Star. *See generally* Agreement. Therefore, it is unclear and uncertain which provision – as pleaded – Elta allegedly breached, and the complaint does not reasonably put Elta on notice of the claim against it for a breach of contract. As detailed extensively above, more is required to properly plead a breach of contract claim.

Ultimately, Aroma Star's well-pleaded facts and conclusory allegations are not sufficient to raise its complaint to a level of plausibility. As currently pleaded, without any specific provision of the Agreement cited or identified in the complaint, the court agrees with Elta that the complaint is insufficient to put Elta on notice of a breach of contract claim. Thus, the court finds that Aroma Star has failed to state a claim for breach of contract against Elta.[2]

4. *Leave to Amend*

In its response, Aroma Star sought leave from the court to amend its original complaint and file a first amended complaint in the event that the original complaint

---

[2] In accepting the pleaded facts as true and viewing them in the light most favorable to Aroma Star, the court finds that Aroma Star has sufficiently contended that its own breach was properly cured pursuant to the terms of the Agreement. Accordingly, the court disagrees with the third argument advanced by Elta in its motion to dismiss. Specifically, Aroma Star pleaded enough facts to show that Elta was not relieved of any legal duty due to Aroma Star's breach of the Agreement. Nevertheless, because the complaint is otherwise insufficient in putting Elta on notice of the claim brought against it, the complaint fails to state a claim for breach of contract.

were found insufficient. Response at 4, 7. Elta disagreed and argued in its reply that leave to amend should not be granted because allowing Aroma Star to amend its complaint would be futile. Reply at 2-3, 4. The court disagrees with Elta and finds that granting Aroma Star leave to amend would not be futile for the reasons set forth below.

A court "should freely give leave when justice so requires." F.R. CIV. P. 15(a)(2). While a court is permitted to deny leave to amend, "there is a strong presumption in favor of granting leave to amend." *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Aroma Star did not file a formal motion to amend, but courts have held that requests for leave to amend in responses to motions to dismiss constitute proper motions to amend. See, e.g., *Central Laborers' Pension Fund v. Integrated Electrical Services Inc.*, 497 F.3d 546, 556 (5th Cir. 2007). When reviewing leave to amend a complaint, "a district court may refuse leave to amend if the filing of the amended complaint would be futile." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). Generally, a court may deny leave to amend on the ground of futility "if the complaint as amended would be subject to dismissal." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

It is not clear, based on the pleadings currently before the court, that there exists no possible set of facts that would, if properly pleaded, sufficiently state a claim for breach of contract. While Aroma Star failed to cite a specific provision in its

original complaint, the court is not certain that the deficiencies cannot be cured, particularly against the backdrop of a strong presumption in favor of granting leave to amend.[3]  Furthermore, the defect of failing to cite a specific provision is not necessarily proof that the underlying facts are insufficient to properly plead a claim but may indicate simply that the plaintiff lacked the skill to advance its claims in accordance with the Federal Rules of Civil Procedure.

The nature of the defect in the original complaint for which the motion to dismiss is granted, as well as the fact that this motion concerns Aroma Star's original complaint and not an already amended complaint, show that currently there is no reason strong enough to deny Aroma Star leave to amend its original complaint.  The court therefore disagrees with Elta and finds that there is no reason to deny Aroma Star leave to amend its original complaint.

## III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss pursuant to Rule 12(b)(6), failure to state a claim upon which relief can be granted, is **GRANTED**.

Accordingly, although Aroma Star's claim of breach of contract by Elta is

---

[3]  Although not cited by the parties, *Financial Acquisition Partners* does not apply factually to the case at hand.  The court there emphasized that the fact that the complaint had already been amended three times was strong evidence that further leave to amend would be futile.  440 F.3d at 291.  This case is clearly and easily distinguishable, as the current motion at issue is dealing with the plaintiff's original complaint – no amendments have been made.

**DISMISSED** without prejudice, the court **GRANTS** Aroma Star leave to amend its complaint to cure – if it can – the deficiencies described above, provided that the plaintiff's amended complaint is filed and served no later than **June 20, 2019**. If no such amended complaint is filed and served, this claim will be deemed dismissed without further notice. If Aroma Star duly amends its complaint, Elta may reassert its motion to dismiss if it believes that the amended complaint fails to cure the defects in the original complaint noted above.

SO ORDERED.

June 4, 2019.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**