UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HONG KONG AROMA STAR INTERNATIONAL LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:18-CV-2228-G |
| ELTA MD INC., D/B/A SWISS-AMERICAN PRODUCTS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Elta MD, Inc.'s ("Elta") second motion to dismiss, pursuant to F. R. Civ. P. 12 (b)(6), for failure to state a claim upon which relief can be granted (docket entry 21). For the reasons stated herein, the motion is **DENIED**.

### I. BACKGROUND

A full recitation of the factual and procedural background of this case is provided in the court's memorandum opinion and order issued on June 4, 2019. *See generally* Memorandum Opinion and Order (docket entry 15). In that order, the court dismissed without prejudice plaintiff Hong Kong Aroma Star International LLC's ("Aroma Star") original complaint for breach of contract. Memorandum

Opinion and Order at 13. However, the court afforded the plaintiff an opportunity to amend its complaint to cure the deficiencies contained therein. *Id.* at 13-14. Pursuant to the court's order, Aroma Star filed an amended complaint on June 19, 2019. *See* Plaintiff's First Amended Complaint ("First Amended Complaint") (docket entry 16).

The original agreement between Elta and Aroma Star was for distribution of Elta products in China. Ex. A to First Amended Complaint ("Agreement") (docket entry 16). Elta claims that Aroma Star breached this Agreement by selling products in Hong Kong, an area outside of the territory specified by the Agreement. Elta's Second Motion to Dismiss and Brief in Support ("Motion to Dismiss") (docket entry 21) at 3. Aroma Star claims that it properly cured that breach by repurchasing and removing all unauthorized Elta products from Hong Kong. First Amended Complaint ¶ 20. Despite this, Elta then refused to fill any further orders following Aroma Star's alleged breach and cure. *Id.* ¶ 32. Aroma Star claims that when Elta refused to fill existing purchases, any new orders, placed and confirmed orders, and then canceled five orders, it breached sections 3.1, 8.2, 8.3, and 15.2 of the Agreement. *Id.*

Shortly after Aroma Star filed its amended complaint, Elta filed the instant motion to dismiss, pursuant to Rule 12(b)(6), on the ground that Aroma Star failed to state a claim for breach of contract. Motion to Dismiss at 5. In support of its

motion, Elta submits three arguments for dismissal: (1) the Agreement in question does not obligate Elta to do business with Aroma Star, so there is no way Elta could have breached the Agreement; (2) Elta's failure to give notice to Aroma Star that it had not cured its breach did not injure Aroma Star because Elta had no obligation to do business with it; and (3) even if Aroma Star can prove breach, it does not plausibly plead the "damages" element of the claim. Motion to Dismiss at 5-7.

After Elta filed this motion to dismiss, Aroma Star filed its response on August 12, 2019. *See* Plaintiff's Response (docket entry 24). Elta then filed its reply on August 23, 2019. *See* Defendant's Reply (docket entry 25). Elta's motion to dismiss is now ripe for review.

II. ANALYSIS

A. Legal Standards

1. *Legal Standard for Dismissal Under Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the

recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the

recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Federal Rule of Civil Procedure 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

2. *Considering the Agreement as Evidence on the Motion to Dismiss*

When an alleged breach of a written instrument is at issue, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." F. R. Civ. P. 10(c). While in most cases courts are limited on the consideration of a Rule 12(b)(6) motion to the pleadings themselves, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Generally, "when a plaintiff's claim is based on the terms of a contract, the documents constituting a contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011) (Lynn, J.) (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205; *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 499 (5th Cir. 2000)). Aroma Star frequently refers to the Agreement between it and Elta, and Aroma Star attached the Agreement to the amended complaint. First Amended Complaint ¶ 32; Agreement. Therefore, the court will consider the Agreement in ruling on this Rule 12(b)(6) motion. See *Kaye*, 453 B.R. at 662. Doing so will not require this 12(b)(6) motion to be considered as a motion for summary judgment under the terms of F. R. Civ. P. 12(d). No additional material has been considered outside of the pleadings themselves.

3. *Breach of Contract*

To establish a breach of contract claim in Texas, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Beauty Manufacturing Solutions Corporation v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (Fish, J.) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)); *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In this case, Elta attacks the complaint on grounds of failure to establish the third element, namely a breach of contract by the defendant. When alleging a breach by a defendant, "[a] breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) (citing

*Witter*, 224 F.3d 496, 499 (5th Cir. 2000)). Aroma Star frequently refers to the Agreement between it and Elta, and Aroma Star attached the Agreement to the amended complaint. First Amended Complaint ¶ 32; Agreement. Therefore, the court will consider the Agreement in ruling on this Rule 12(b)(6) motion. See *Kaye*, 453 B.R. at 662. Doing so will not require this 12(b)(6) motion to be considered as a motion for summary judgment under the terms of F. R. Civ. P. 12(d). No additional material has been considered outside of the pleadings themselves.

3. *Breach of Contract*

To establish a breach of contract claim in Texas, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Beauty Manufacturing Solutions Corporation v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (Fish, J.) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)); *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In this case, Elta attacks the complaint on grounds of failure to establish the third element, namely a breach of contract by the defendant. When alleging a breach by a defendant, "[a] breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) (citing

*Methodist Hospitals of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.—Dallas 1991, writ denied)).

In Texas, to properly plead a breach of contract by a defendant, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (O'Connor, J.).  See also, e.g., *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 953–54 (E.D. Tex. 2011); *American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (Godbey, J.).  If the court is unable to identify one or more specific contractual provisions at issue, then the "[p]laintiffs fail [] to allege enough facts about the terms of [a contract] to raise their right to relief above the speculative level." *Innova Hospital*, 995 F. Supp. 2d at 603 (citing *Twombly*, 550 U.S. at 555).

In pleading damages, a plaintiff need not allege an exact number.  Rather, the plaintiff must allege a "plausible, non-speculative claim for damages." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 fn. 44 (5th Cir. 2011) (finding that simply pleading that plaintiff lost business and profits due to defendant's actions was sufficient in pleading damages).  A plaintiff need only allege "sufficient facts" to allow a trier of fact to find that plaintiff suffered damages. *Interval International, Inc.*

*v. Trinity Millenium Group, Inc.*, No. 3:15-CV-815, 2016 WL 7395340, at *3 (N.D. Tex. Jan. 26, 2016) (Solis, J.); see also *In re American Airlines, Inc., Privacy Litigation*, 370 F. Supp. 2d 552, 567 (N.D. Tex. 2005) (Fitzwater, J.). In a claim for breach of contract, a plaintiff must plead facts that "would allow the court to conclude that [the plaintiff] suffered damages" as a result of the alleged breach. *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723, 2017 WL 10296307, at *6 (N.D. Tex. Dec. 4, 2017) (Horan, M. J.), report and recommendation adopted, No. 3:17-CV-723, 2018 WL 4621770 (N.D. Tex. Jan. 3, 2018) (Boyle, J.).

### B. Application

#### 1. *Provisions Breached*

Elta makes three arguments in its motion to dismiss. The first two are as follows: (1) Elta maintains that none of the provisions Aroma Star cited in its complaint obligate Elta do to business with Aroma Star (Motion to Dismiss at 5-6); and (2) Elta contends that any failure to give notice that Aroma Star had cured its breach could not have injured Aroma Star because there is no obligation on Elta's behalf to do any business with Aroma Star. Motion to Dismiss at 6. For the reasons set forth below, the court disagrees with Elta and finds that Aroma Star's complaint is sufficient as pleaded.

Aroma Star claims that Elta breached the Agreement, relying on sections 3.1, 8.2, 8.3, and 15.2. However, as this court wrote in its earlier Memorandum Opinion

and Order, "the court cannot find any specific provision wherein Elta expressly agrees and promises to 'do further business' with the plaintiff." *Hong Kong Aroma Star International LLC v. Elta MD Inc.*, No. 3:18-CV-2228, 2019 WL 2357529, at *4 (N.D. Tex. June 4, 2019) (Fish, J.) (internal citation omitted). Furthermore, this court could find "no specific provision . . . where Elta expressly promised to fill orders submitted by Aroma Star." *Id.* Rather, most of the agreement simply outlines the procedures for Elta's dealings with Aroma Star. *See generally* Agreement.

Having said that, however, some of the provisions Aroma Star cites in its complaint make out a plausible claim. Amended Complaint ¶ 32. Section 8.3 of the Agreement, for example, reads "SWISS [Elta] shall support Aroma's sales and marketing activities by all means available within its possibilities." Agreement § 8.3. Although the Agreement does not obligate Elta to necessarily fill orders for Aroma Star, it is plausible that Elta's cancellation of orders, failure to fill orders, and the like, violated section 8.3 of the agreement. Aroma Star claims that Elta refused to fill existing purchase orders, refused to fill any new orders, refused to fill placed and confirmed orders, and then cancelled confirmed orders with scheduled payments. Amended Complaint ¶ 32. Such conduct, while not *explicitly* prohibited by the Agreement, could be a violation of section 8.3 of the Agreement. More facts are needed to determine whether Elta actually breached this Agreement; however, at this

stage of the litigation, Aroma Star has pleaded enough facts to show that it has a plausible claim for relief.

In addition, Aroma Star claims that Elta failed to give notice to Aroma Star that Aroma Star had allegedly not cured its breach, thus causing it damages. First Amended Complaint ¶ 32. Elta responds in its motion to dismiss that because it had no obligation to do business with Aroma Star, it had no obligation to notify Aroma Star when Aroma Star allegedly did not cure its breach. Motion to Dismiss at 6. The court is not persuaded by Elta's logic. As discussed above, although there are no specific provisions laying out Elta's exact obligations to do business with Aroma Star, Elta's failure to notify Aroma Star that it had allegedly not cured its breach could be found to be in violation of sections 8.3 or 15.2 of the agreement. First Amended Complaint ¶ 32; Agreement §§ 8.3, 15.2. By failing to notify Aroma Star that it did not cure its breach, it is plausible that Elta was not supporting Aroma Star's sales "by all means available." Amended Complaint ¶ 32; Agreement § 8.3. Aroma Star has alleged sufficient facts up to this point to have a plausible claim that Elta's alleged breach of the Agreement caused Aroma Star damages.

2. *Calculation of Damages*

Elta's third and final argument is that Aroma Star incorrectly calculated its damages. In its complaint, Aroma Star calculates two sets of alleged damages. First Amended Complaint ¶¶ 33-34. The first was calculated "by reason of Elta's breaches"

and its "termination of the Agreement." *Id.* ¶ 33. The second was calculated by determining Aroma Star's profits had it completed its final year of the three year agreement. *Id.* ¶ 34. Aroma had previously emailed Elta about its "commit[ment] to 30% growth in 2018." *Id.* ¶ 22. Therefore, Aroma Star's second calculation includes a 30% increase in profits. *Id.* ¶ 34. The court is not persuaded by Elta's argument that these calculations of damages are so speculative as to warrant a dismissal. Rather, based on Aroma's calculations of how much it lost due to the alleged breach, how much it would have made had it completed all three years of the Agreement, and its commitment to increase sales in 2018, the court finds that the plaintiff has alleged a plausible and non-speculative claim for damages. Based on Aroma Star's allegations, it is plausible that the court could find that Aroma Star suffered damages due to a breach by Elta. Thus, the court finds Aroma Star's claim for damages to be satisfactorily pleaded.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss pursuant to Rule 12(b)(6), failure to state a claim upon which relief can be granted, is **DENIED**.

**SO ORDERED**.

February 7, 2020.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**

- 11 -